[Cite as *State v. Morton*, 2026-Ohio-2536.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 115390 |
| v. | : | |
| JEREMIAH D. MORTON, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636658-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Jonathan Sidney, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Jeremiah D. Morton ("Morton") appeals the trial court's denial of his petition for postconviction relief. For the reasons stated below, we affirm the trial court's denial of Morton's petition for postconviction relief.

## I. Relevant Facts and Procedural History

{¶ 2} This case stems from an incident that occurred on December 11, 2018. On that date, several individuals who are developmentally disabled or have psychiatric challenges first encountered Morton. Upon meeting these individuals, Morton "tagged along" with the group to the apartment of one of the individuals.

{¶ 3} T.B., the victim here, joined the group and Morton at the apartment. T.B. consumed several alcoholic beverages, and events led to Morton and T.B. going into the bathroom together. T.B. later testified that Morton orally and vaginally raped her when they were alone in the bathroom. Another individual called the police, and the first set of police officers arrived before Morton and T.B. exited the bathroom. Police officers escorted Morton from the apartment, and then the police also left the premises.

{¶ 4} T.B. was visibly upset after Morton and the police officers left and discussed the events that took place in the bathroom with her friend. T.B. and her friend called the police again, and a second set of officers arrived at the apartment. One of the officers was wearing a body camera, and the video shows the discussions that took place between the officer and T.B. and her friends. The video from the police officer's body camera is of relevance here.

{¶ 5} Morton was arrested and charged with four counts of rape; one count of kidnapping; and one count of aggravated burglary. The police body-camera video was produced prior to trial to Morton's trial counsel. The case was tried before a jury. The body-camera video was not shown or introduced into evidence during the

trial, although Morton's trial counsel referred to the video often during the trial and cross-examined T.B. and other witnesses extensively based on the video. The jury found Morton guilty on all counts, and the trial court sentenced him to a 20-year prison term.

{¶ 6} Morton filed a timely direct appeal to this court, *State v. Morton*, 2021-Ohio-581 (8th Dist.) ("*Morton I*"), where he asserted that trial counsel was ineffective for four reasons. The fourth reason involved the police body-camera video. Morton specifically asserted that trial counsel was ineffective because he failed to properly cross-examine inconsistencies in witness statements and failed to introduce the police body-camera video. He further asserted that "[s]tories changed significantly from the police report and body camera footage to the actual testimony." *Morton I* at ¶ 41. The *Morton I* Court found, in relevant part, as follows:

> The final instance of alleged ineffectiveness of his counsel Morton cites is counsel's failure to introduce exculpatory and mitigating evidence. *Specifically, Morton challenges counsel's decision to not admit the police body-camera footage despite referring to it on cross-examination of T.B. and during closing argument.* The record reflects that counsel questioned T.B. on cross-examination about how her trial testimony differed from what she initially told the police during her second encounter with them that day. Counsel got her to admit the most relevant inconsistency: that she told the police on the scene that she did not believe Morton had raped her.

(Emphasis added.) *Morton I* at ¶ 43.

{¶ 7} On December 23, 2020, while *Morton I* was still pending, Morton filed a petition for postconviction relief. In his petition for postconviction relief, Morton asserted that trial counsel was ineffective for failing to present the jury with

exculpatory and impeaching video evidence, namely the police body-camera video. Morton's petition stated that "this evidence was clearly within the possession of defense counsel and he had clearly viewed the video." (Dec. 20, 2020 petition.)

{¶ 8} On September 30, 2021, the trial court denied Morton's petition for postconviction relief. Morton appealed, asserting that the trial court erred when it did not issue findings of fact and conclusions of law. This court, in *State v. Morton*, 2022-Ohio-2358 ("*Morton II*") (S. Gallagher, J., dissenting), found that Morton's petition for postconviction relief was timely filed and that the trial court "erred in denying Morton's petition for post-conviction relief without issuing findings of fact and conclusions of law. *See* R.C. 2953.21(D), (H)." *Morton II* at ¶ 20, 24. Although the majority did not reach the merits of Morton's petition in *Morton II*, Judge Sean Gallagher's dissenting opinion stated that Morton "is precluded from raising [the ineffective assistance of counsel] claim anew in the petition for post-conviction relief since he could have included that argument within his direct appeal." *Morton II* at ¶ 34 (S. Gallagher, J., dissent).

{¶ 9} On remand to the trial court, Morton filed an amended petition for postconviction relief on June 5, 2023. The amended petition asserted that trial counsel was ineffective because he did not present the body-camera video to the jury for reasons that were not tactical or strategic. The petition specifically asserted that trial counsel did not present the video because it was "hard to download" and he was "not good at technology." The petition also moved the trial court to order production

of the police body-camera video and, if the video contained exculpatory and impeaching footage, for an evidentiary hearing.

{¶ 10} Morton attached two affidavits to the amended petition. In the first affidavit, Morton avers that trial counsel's assistant showed him the body-camera video prior to his trial and includes his recollection of what was on the video and his recollection of trial counsel's assistant's analysis of the video evidence. In the second affidavit, Morton's prior postconviction counsel makes statements regarding her discussions with Morton trial counsel and trial counsel's paralegal or secretary about the body-camera video. She averred that trial counsel stated he did not download or play the footage at trial because it was too difficult to download and he was "not good at technology." She further averred that trial counsel's paralegal or secretary stated that they no longer had access to the evidence.com link to the video.

{¶ 11} On July 3, 2025, the trial court denied Morton's petition and issued its findings of fact and conclusions of law finding that "res judicata precludes relief since [Morton] raised, or could have raised, the argument in his direct appeal and the trial transcript sufficed for raising the claim." The trial court further found that Morton was not entitled to discovery or a hearing on his postconviction-relief petition.

{¶ 12} This appeal followed. Morton raises the following single assignment of error for our review:

> The trial court erred in denying Mr. Morton's petition for post-conviction relief without holding an evidentiary hearing or ordering discovery.

## II. Law and Analysis

{¶ 13} In his single assignment of error, Morton contends that the trial court erred when it denied his petition for postconviction relief.

{¶ 14} An appellate court reviews a trial court's postconviction-relief determination for an abuse of discretion. *State v. Weaver*, 2022-Ohio-4371, ¶ 24, citing *State v. Gondor*, 2006-Ohio-6679, ¶ 58. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 15} "A post-conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151 (1991). The postconviction process is governed by R.C. 2953.21(A)(1), which provides, in relevant part:

> Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 16} "Res judicata is applicable in all post-conviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). This court has established that "[i]f an issue has, or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata." (Citations omitted.) *State v. Murphy*,

2021-Ohio-3925, ¶ 11 (8th Dist.). *See also State v. Brown*, 2025-Ohio-274, ¶ 39 (8th Dist.). There are two exceptions to this rule: counsel in the direct appeal represented the petitioner at trial, or the petitioner must rely on evidence outside the record to prove an ineffective-assistance-of-counsel claim. *State v. Blanton*, 2022-Ohio-3985, ¶ 2, citing *State v. Cole*, 2 Ohio St.3d 112, 113-114 (1982).

{¶ 17} Morton asserts that pursuant to *Blanton* and *Cole*, his ineffective-assistance-of-counsel claim is not barred by res judicata because he sought to introduce evidence outside the record. *See Blanton* at ¶ 24 and *Cole* at ¶ 114. As *Blanton* reaffirmed, "'[g]enerally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata.'" *Blanton* at ¶ 25, quoting *Cole* at *id*. During oral arguments, Morton asserted that the evidence outside the record that he sought to introduce was the police body-camera video. Morton's appellate brief asserts that the two affidavits attached to the amended petition are new evidence outside the record. However, in both *Blanton* and *Cole*, the courts contemplated new evidence that was not available and thus not considered at the time of the direct appeal.

{¶ 18} The police body-camera video in this case was available prior to the trial, was in the possession of trial counsel, and was referred to extensively during the trial. We are in agreement with the trial court that the trial transcript sufficed for raising the ineffective-assistance claim in the direct appeal. We are also in agreement with the dissent in *Morton II* when it pointed out that Morton has not

explained in his petition "how review of the actual video was necessary to prosecuting that ineffective-assistance-of-counsel claim in the direct appeal." *Morton II* at ¶ 34 (S. Gallagher, J., dissenting).

{¶ 19} In addition, trial counsel's decision not to admit the police body-camera video was considered in the direct appeal by the *Morton I* Court. Morton, in *Morton I*, asserted that trial counsel was ineffective for failing to introduce the police officer's body-camera video at trial. Morton is asserting the same argument in his petition for postconviction relief.

{¶ 20} The two affidavits included in Morton's amended petition for postconviction relief do not save Morton's petition from dismissal on the basis of res judicata. In the first affidavit, Morton avers that prior to the trial in this case, he viewed the police body-camera video. In the second affidavit, Morton's prior postconviction petition counsel makes statements regarding her discussions with trial counsel and trial counsel's paralegal or secretary about the police body-camera video. This court has previously found that "[a] trial court may discount self-serving affidavits from the petitioner or his family members, identical affidavits, or affidavits which rely on hearsay as not being credible." *State v. Nelson*, 2000 Ohio App. LEXIS 4279, *8-9 (8th Dist. Sept. 21, 2000), citing *State v. Moore*, 99 Ohio App.3d 748, 756 (1st Dist. 1994). In addition, nothing in Morton's affidavit presents new evidence that could not have been put forth in the direct appeal.

{¶ 21} The trial court properly found that res judicata bars Morton from raising the issue in a petition for postconviction relief because this issue was raised

on direct appeal. Therefore, Morton's single assignment of error is overruled and the trial court's denial of his motion for postconviction relief is affirmed. We decline to address Morton's arguments regarding postconviction discovery.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., CONCURRING:

{¶ 22} I fully concur with the majority opinion and analysis, and I agree that Morton's petition for postconviction relief was properly denied because it is barred by res judicata. I write to continue to express my concerns with the trial court's jurisdiction in this matter.

{¶ 23} Morton's convictions for rape involving a developmentally disabled adult victim, kidnapping with a sexual motivation specification, and aggravated burglary were affirmed in *State v. Morton*, 2021-Ohio-581 (8th Dist.), *appeal not*

*accepted*, 2021-Ohio-2742. He failed to file his petition for postconviction relief with the trial court within the time requirements of R.C. 2953.21(A). Yet, on appeal to this court in *State v. Morton*, 2022-Ohio-2358 (8th Dist.) ("*Morton II*"), the 2-1 majority carved out an exception and determined that the petition be considered timely where it had initially been submitted for e-filing using the wrong case number, which resulted in the petition being docketed in the appellate case rather than in the court that imposed the sentence as required by R.C. 2953.21(A). As I explained in my dissent in *Morton II*, "[i]f the petition for postconviction relief is not timely filed in the court that imposed sentence, that court is without jurisdiction to consider the merits of the petition or to grant additional time to file the petition." *Id*. at ¶ 28 (S. Gallagher, J., dissenting), citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

{¶ 24} Despite the majority determination in *Morton II*, I continue to believe that Morton's petition for postconviction relief was not timely filed with the trial court for the reasons set forth in my dissenting opinion therein. Furthermore, I believe that following the remand from this court for findings of fact and conclusions of law, Morton sought to expand his petition and bring new issues into the equation without meeting the threshold requirements. Nevertheless, I understand the majority in *Morton II* found Morton's petition to be timely and that R.C. 2953.21(G)(3) permits petitions to be amended with leave of court at any time. Also, I recognize that certain arguments were not raised in the trial court, which this court need not address on appeal. In any event, I fully concur with the majority opinion

as written herein and agree that the trial court's decision to deny Morton's petition should be affirmed.